CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Ph: (858) 375-7385
Fax: (888)422-5191

Michelle Uzeta, Esq., SBN 164402
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dawn Beers OBrien**, | Case No. **'16CV1273 MMABLM** |
| Plaintiff, | **Complaint for Declaratory and Injunctive Relief and Damages for Violations of:** |
| v. | |
| **San Pasqual Casino Development Group, Inc.; AEG Management SD, LLC; AEG Facilities, LLC; Outbox AXS, LLC;** and Does 1-10, inclusive, | 1. Title III of the Americans With Disabilities Act, 42 U.S.C. §12182 et seq.; |
| Defendants. | 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; and |
| | 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 et seq. |

1

**INTRODUCTION**

1. Plaintiff Dawn Beers OBrien ("Plaintiff"), a wheelchair user, brings this action to enjoin Defendants San Pasqual Casino Development Group, Inc.; AEG Management SD, LLC; AEG Facilities, LLC; Outbox AXS, LLC; and Does 1-10, (collectively, "Defendants") from continuing their discriminatory ticketing policies and practices, which Plaintiff contends violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and related state civil rights statutes, all of which are designed to protect the rights of individuals with disabilities.

2. Specifically, Plaintiff alleges that Defendants' policies and practices deny her equal opportunity to purchase tickets for events occurring at the Valley View Casino Center ("Valley View"), solely because of her disability and related need for wheelchair accessible seating.

3. As the direct and proximate result of Defendants' discriminatory policies and practices, as alleged herein, Plaintiff has suffered, and will continue to suffer damages.

4. Through this action, Plaintiff seeks declaratory relief and an injunction requiring Defendants to modify their policies to conform to the requirements of federal and state law and ensure that Plaintiff will no longer experience discrimination on the basis of disability when trying to purchase tickets to events at Valley View. Plaintiff also seeks to be compensated for her damages and the reasonable attorneys' fees, costs and litigation expenses incurred for enforcing her civil rights.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

Complaint

6.     Pursuant to pendent jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

7.     Defendants are subject to the personal jurisdiction of this Court because they have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market through online ticket sales to, and the operation and management of, an entertainment facility located in California; they derive substantial revenues from California; and/or they engage in other activities, so as to render the exercise of jurisdiction over Defendants by the California courts consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the following facts: Defendants conduct substantial business in this District, including but not limited to online ticket sales to, and the operation and management of, an entertainment facility located in the County of San Diego; Defendants' liability arose in this District; and/or the acts upon which this action is based occurred in this District.

## THE PARTIES

9.     Plaintiff Dawn Beers OBrien is, and at all times relevant herein was, a California resident with physical disabilities resulting from a spinal cord injury. Plaintiff is unable to walk or stand independently, and uses a wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA (42 U.S.C. § 12102) and California law (Cal. Gov. Code § 12926).

10.    Defendant San Pasqual Casino Development Group, Inc. ("San Pasqual") is, and at all times relevant herein was, a tribally-chartered corporation formed under the laws of the San Pasqual Band of Mission Indians, a federally recognized sovereign tribal government residing in San Diego County.

11.    Defendant AEG Management SD, LLC ("AEG Management") is, and at all times relevant herein was, a private entity organized and operating as a limited liability corporation under the laws of the State of Delaware, with its primary place of business located in Los Angeles, California.

12.    Defendant AEG Facilities, LLC ("AEG Facilities") is, and at all times relevant herein was, a private entity organized and operating as a limited liability corporation under the laws of the State of Delaware, with its primary place of business located in Los Angeles, California.

13.    Defendant Outbox AXS, LLC ("Outbox AXS") is, and at all times relevant herein was, a private entity organized and operating as a limited liability corporation under the laws of the State of Delaware, with its primary place of business located in Los Angeles, California.

14.    Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend her Complaint when the true names, capacities, connections, and responsibilities of these defendants are ascertained.

15.    Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the

course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTUAL ALLEGATIONS

16.    Valley View is an indoor arena for sporting events, family shows, and live entertainment, hosting approximately 650,000 visitors each year.

17.    Valley View is located at 3500 Sports Arena Boulevard in the City of San Diego, California.

18.    San Pasqual is, and at all times relevant herein was, an owner, operator and/or lessor of Valley View.

19.    AEG Management is, and at all times relevant herein was, an owner, operator and/or lessor of Valley View.

20.    AEG Facilities is, and at all times relevant herein was, an owner, operator and/or lessor of Valley View.

21.    At all times relevant herein, AEG Facilities owned and/or operated and/or did business as AXS, a digital marketing platform for purchasing tickets for sports and entertainment events in the United States.

22.    At all times relevant herein Outbox AXS owned and/or operated and/or did business as AXS, a digital marketing platform for purchasing tickets for sports and entertainment events in the United States.

23.    AXS is, and at all times relevant herein was, an original ticket sales provider for Valley View.

24.     AXS is, and at all times relevant herein was, the exclusive online original ticket sales provider for Valley View.

25.     AXS sells tickets for events at Valley View over the internet through AXS's website http://www.axs.com/venues/101206/valley-view-casino-center-san-diego-tickets and over the phone at 1-888-9-AXS-TIX.

26.     Tickets for events at Valley View can also be purchased directly from Valley View's Box Office.

27.     AXS and the Valley View Casino Center Box Office are the only authorized ticket providers for events at the Valley View Casino Center.

28.     Valley View's website is http://valleyviewcasinocenter.com.

29.     The "Buy Tickets" page of Valley View's website is located at the following web address: http://valleyviewcasinocenter.com/buy.php.

30.     The "Ticketing" page of Valley View's website is located at the following web address: http://valleyviewcasinocenter.com/ticketing.php.

31.     Under the heading "Buy at the Valley View Casino Center" on both the "Buy Tickets" page of Valley View's website and the "Ticketing" page of Valley View's website it states: "Individual tickets may be purchased for every event at the Box Office located on the North side of the Valley View Casino Center. The Box Office is open Monday through Friday from 10am to 5pm and Saturday from 10am to 3pm. On Sunday event days, the Box Office will be open at Noon (shows scheduled to start earlier result in a typical opening time of 1.5 hours before the scheduled start time) and sell for that days show only. *The accessible seating hotline is manned Monday through Friday from 11am to– 4pm and for the first hour of a major on sale.*" (Emphasis in original.)

32.     Under the heading "ADA Information" on both the "Buy Tickets" page of Valley View's website and the "Ticketing" page of Valley View's website it states: "The Valley View Casino Center is ADA compliant

and proud to provide accessibility to Southern California's diverse population. Guests requiring special seating, such as for wheelchairs, semi-ambulatory or other mobility impairments, hearing impaired, or the like, should contact the Valley View Casino Center Box Office at (619) 224-4171 x322 to arrange for the purchase of tickets. The accessible seating hotline is manned Monday through Friday from 11am to 4pm and for the first hour during a major on sale. Wheelchair and semi-ambulatory seating will be reserved for guests with disabilities (and their companions) until 48 hours prior to an event."

33.     The "Disabled Services" page of Valley View's website provides the same information as is listed under the heading "ADA Information" on the "Buy Tickets" and "Ticketing" pages of the Valley View's website. The "Disabled Services" page is located at the following web address: http://valleyviewcasinocenter.com/disabledservices.php.

34.     Under the heading "ADA Information" on both the "Buy Tickets" page of Valley View's website and the "Ticketing" page of Valley View's website there is a link to Valley View's "Guests with Disabilities Information Pamphlet."  A link to this pamphlet can also be found on the "Disabled Services" page of Valley View's website.  The link is: http://valleyviewcasinocenter.com/publicpdfs/ADAPamphlet(Revised3-4-11).pdf.

35.     With regard to ticketing for persons with disabilities, Valley View's "Guests with Disabilities Information Pamphlet" states in pertinent part:

Seating areas for guests with disabilities are located throughout the Center .... Guests requiring wheelchair or mobility-impaired seating should contact the Center Box Office at (619) 224-4171, ext. 322 to purchase tickets. The ADA phone line is staffed Monday through

Friday, 11am to 4pm. Tickets are also available in person at the Box Office with no service charge.

Box Office windows are open Monday through Friday, 10am to 5pm, and Saturday 10am to 3pm. The Box Office remains open through show start time and will open at Noon for Sunday events. Window 2 is wheelchair accessible and is open during all hours of Box Office operation.

36.   On March 31, 2016, Plaintiff went to the Valley View website to purchase tickets to the June 18, 2016 James Taylor concert (hereinafter "the Concert") online.   Valley View's website redirected Plaintiff to the AXS website.

37.   On the AXS event page for the Concert under "Ticket Options" there was an "Accessible Seating" ticket option listed. Plaintiff clicked on the "Accessible Seating" ticket option link and was immediately presented with a pop-up screen indicating that there were "currently no seats available."  The pop-up screen also noted that the event had "not yet officially Sold Out", and that it was "possible some seats may become available again." Plaintiff was directed to "[s]elect another event if possible."

38.   Finding it hard to believe that all the accessible seating for the Concert had already been sold out, Plaintiff returned to the "Event Details" page of the AXS website for the Concert, which is located at the following web address: http://www.axs.com/events/307510/an-evening-with-james-taylor-tickets.

39.   On the Event Details page of the AXS website for the Concert there are written instructions stating as follows: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM." The same exact instructions are posted on the Valley View website page promoting the Concert, located at

the following web address: http://valleyviewcasinocenter.com/James-Taylor-June-18-at-8-00pm.

40.    As it was after 4 p.m. when Plaintiff attempted to purchase tickets, and she was going out of town the next day for the weekend, she tried the number provided by AXS for ADA seating on Monday April 4, 2016 at 11:20 a.m.  No one answered the call.  Plaintiff left a message with the specific details of her request for tickets to the Concert.

41.    AXS did not respond to Plaintiff's April 4, 2016 call seeking tickets to the Concert.

42.    Plaintiff called the number provided by AXS for accessible seating for the Concert again at 11:30 a.m. on April 5, 2016.  Again, there was no answer.  Plaintiff left another message, noting that it was her second time calling and that she would like a call back.

43.    Plaintiff received a call from an AXS employee at approximately 3 p.m. on April 5, 2016.  Plaintiff was informed that there were wheelchair accessible seats available for the Concert, and was permitted to make a purchase for such tickets over the phone at that time.

44.    Review of events occurring at Valley View for which tickets are sold online through AXS reveal inconsistent policies and practices surrounding the sale of accessible seating tickets. For example:

When checked on April 18, 2016:

    a. The event pages for the April 28, 2016, April 29, 2016 and May 2, 2016 San Diego Gulls hockey playoff games provided no "Accessible Seating" ticket option.  No ADA information was provided whatsoever.

    b. The event page for the April 30, 2016 Life in Color event provided no "Accessible Seating" ticket option. On information and belief, no ADA information was provided whatsoever.

c. The event page for the May 28, 2016 My Life Everyday Concert Tour provided no "Accessible Seating" ticket option. No ADA information was provided whatsoever.

<u>When checked on April 18, 2016 and May 23, 2016</u>:

a. The event page for the June 22, 2016 Cage the Elephant show provided no "Accessible Seating" ticket option. Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

b. The event page for the June 25, 2016 Magic 92.5 Summer Jam provided an "Accessible Seating" ticket option, and a limited number of tickets were available to purchase online. Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

c. The event page for the July 6, 2016 Selena Gomez show provided an "Accessible Seating" ticket option, but when that option was selected, visitors were immediately presented with a pop-up screen indicating that there were "currently no seats available." The pop-up screen also noted that the event had "not yet officially Sold Out", and that it was "possible some seats may become available again." Visitors were directed to "[s]elect another event if possible." Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

<u>When checked on May 23, 2016</u>:

    a.  The event page for the July 9, 2016 Banda El Recodo show provided no "Accessible Seating" ticket option. Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

    b.  The event page for the August 14, 2016 Flume show provided no "Accessible Seating" ticket option. Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

    d.  The event page for the September 16, 2016 Carrie Underwood show provided an "Accessible Seating" ticket option, and a limited number of tickets were available to purchase online. Listed under "Details" for the show was the following: "ADA Seating: To purchase disabled or handicapped accessible seating only, please call 619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

    c.  The event page for the September 27, 2016 Dolly Parton show provided an "Accessible Seating" ticket option, but when that option was selected, visitors were immediately presented with a pop-up screen indicating that there were "currently no seats available." The pop-up screen also noted that the event had "not yet officially Sold Out", and that it was "possible some seats may become available again." Visitors were directed to "[s]elect another event if possible." Listed under "Details" for the show was the following: "ADA Seating: To purchase

disabled or handicapped accessible seating only, please call
619-224-4171 x322, Monday through Friday, 11 AM to 4 PM."

    d.  The event page for the October 19, 2016 Lakers – Warriors
basketball game provided an "Accessible Seating" ticket option,
and a limited number of tickets were available to purchase
online. Listed under "Details" for the show was the following:
"ADA Seating: To purchase disabled or handicapped accessible
seating only, please call 619-224-4171 x322, Monday through
Friday, 11 AM to 4 PM."

    45.  Defendants' policies and practices for accessible ticket sales for events occurring at Valley View, described herein, put Plaintiff at a significant disadvantage solely due to her disability and related need for accessible seating.  Unlike her peers who do not require accessible seats, Plaintiff:

    a.  is not always provided an online ticket purchasing option;

    b.  is provided a clear and consistent message that accessible
tickets should be purchased by phone;

    c.  must involve third parties to purchase tickets;

    d.  is unable to purchase tickets during the same hours and on the
same days;

    e.  must purchase tickets more than 48 hours in advance of an
event;

    f.  is provided less information about available seats;

    g.  is given misinformation about ticket availability and left to guess
whether tickets are "really" available; and

    h.  is less likely to obtain tickets to popular and high demand events
in the future, as such events sell out in minutes.

Complaint

46.     As a result of Defendants' discriminatory policies as practices, Plaintiff was not provided the same information about and opportunity to purchase tickets for the Concert as other members of the public, and was denied full and equal use and enjoyment of Defendants' goods and services. This, in turn, caused Plaintiff to experience difficulty, frustration, inconvenience and distress; damages for which she is entitled to be compensated.

47.     Plaintiff is an avid concert goer and would like to avail herself of the convenience and independence of purchasing tickets online through AXS for performances and events at Valley View in the future.

48.     Until Defendants' unlawful and discriminatory ticketing policies are modified, Plaintiff will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public through AXS and at Valley View, and will suffer ongoing discrimination and damages as a result.

49.     The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of her civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

50.     An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under Federal and State law.  Accordingly, Plaintiff is entitled to declaratory relief.

# FIRST CAUSE OF ACTION

## Title III of the Americans with Disabilities Act

### 42 U.S.C. § 12182 et seq.

51.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

52.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

53.     Among the "private entities" which are considered "public accommodations" for purposes of Title III of the ADA are theaters, concerts halls, stadiums, or other places of exhibition or entertainment. 42 U.S.C. § 12181(7)(C).

54.     Valley View is a place of exhibition or entertainment and therefore a public accommodation under Title III of the ADA.

55.     As the owners, operators and/or lessors/lessees of Valley View, Defendants San Pasqual, AEG Management and AEG Facilities are subject to the provisions of Title III of the ADA.

56.     Also among the "private entities" which are considered "public accommodations" for purposes of Title III of the ADA are sales establishments. 42 U.S.C. § 12181(7)(E).

57.     AXS provides members of the public ticket sales online and through call centers. AXS is a sales establishment under Title III of the ADA.

58.     Defendants AEG Facilities and Outbox AXS, who own and/or operate and/or do business as AXS are subject to the provisions of Title III of the ADA.

59.   Defendants' acts and omissions, as herein alleged, have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, <u>inter alia</u>:

a.   Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of her disability (42 U.S.C. § 12182(b)(1)(A)(i));

b.   Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

c.   Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of her disability (42 U.S.C. § 12182(b)(1)(D));

d.   Imposing and/or applying eligibility criteria that screen out or tend to screen out individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(A)(i));

e.   Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. § 12182(b)(2)(A)(ii));

f.   Failing to modify policies, practices, or procedures to ensure that Plaintiff has an equal opportunity to purchase tickets for accessible seating at events held at Valley View (28 C.F.R. § 36.302(f)(1)(ii));

g.   Failing to provide materials, such as seating maps, plans, brochures, pricing charts, or other information, that identify accessible seating at Valley View and information relevant thereto with the same text or visual representations as non-accessible seats, when such materials are provided to the general public (28 C.F.R. § 36.302(f)(2)(i) – (iii)); and

h.   Releasing tickets for accessible seating at Valley View to persons who do not require accessible features before: (1) all non-accessible tickets (excluding luxury boxes, club boxes, or suites) have been sold; (2) all non-accessible tickets in a designated seating area have been sold and the tickets for accessible seating are being released in the same designated area; or (3) all non-accessible tickets in a designated price category have been sold and the tickets for accessible seating are being released within the same designated price category.  (28 C.F.R. § 36.302(f)(5)).

60.   Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## Cal. Civ. Code § 51 et seq.

61.   Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

62.   The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

63.   The Unruh Act also provides that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of" his or her disability. Cal. Civ. Code, § 51.5(a).

64.   A violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

65.   Valley View is a business establishment as contemplated by the Unruh Act. As such, Defendants San Pasqual, AEG Management and AEG Facilities are obligated to comply with the provisions of the Unruh Act.

66.   AXS is a business establishment as contemplated by the Unruh Act. As such, Defendants AEG Facilities and Outbox AXS are obligated to comply with the provisions of the Unruh Act.

67.   Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia:

    a.   denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by and through AXS and Valley View; and

    b.   discriminating against Plaintiff in the sale of tickets through AXS on the basis of her disability.

68.   Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

69.   Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their

1    duties at all times relevant herein; their failure to carry out said duties as
2    alleged herein was willful and knowing and/or the product of deliberate
3    indifference. Treble damages are warranted.

4        70.    Pursuant to the remedies, procedures, and rights set forth in Cal.
5    Civ. Code § 52, Plaintiff prays for judgment as set forth below.

6

7                        **THIRD CAUSE OF ACTION**
8                     **California Disabled Persons Act**
9                 **California Civil Code § 54.1 <u>et seq</u>.**

10       71.    Plaintiff re-pleads and incorporates by reference the allegations
11   contained in each of the foregoing paragraphs.

12       72.    The Disabled Persons Act ("CDPA") provides that "[i]ndividuals
13   with disabilities shall be entitled to full and equal access, as other members of
14   the general public, to accommodations, advantages, facilities, ... and
15   privileges of all ... places of public accommodation, ... and other places to
16   which the general public is invited...." Cal. Civ. Code § 54.1(a).

17       73.    A violation of the ADA is also a violation of the CDPA.  Cal. Civ.
18   Code, § 54.1(d).

19       74.    Valley View is a place of public accommodation and/or other
20   place to which the general public is invited as contemplated by the CDPA. As
21   such, Defendants San Pasqual, AEG Management and AEG Facilities are
22   obligated to comply with the provisions of the CDPA.

23       75.    AXS is a place of public accommodation and/or other place to
24   which the general public is invited as contemplated by the CDPA. As such,
25   Defendants AEG Facilities and Outbox AXS are obligated to comply with the
26   provisions of the CDPA.

27       76.    Defendants' acts and omissions, as herein alleged, have violated
28   the CDPA by, <u>inter alia</u>, denying, or aiding or inciting the denial of, Plaintiff's

---

rights to full and equal access to the accommodations, advantages, facilities and privileges of Valley View and AXS.

77.     Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

78.     Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

79.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3(a) and 55, Plaintiff prays for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

a.     For a declaration that Defendants' conduct as alleged herein has violated and continues to violate the ADA, Unruh Act and CDPA;

b.     Issue a permanent injunction ordering each Defendant to modify its policies and practices to conform to the requirements of the ADA, Unruh Act and CDPA, and ensure that Plaintiff will no longer experience discrimination on the basis of disability when trying to purchase accessible seating tickets to events at Valley View using AXS;

c.     Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

d.     Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

1         e.     Award such other and further relief as the Court may deem just

2    and proper.

3

4    Dated: May 25, 2016

5

6                              By: *Michelle Uzeta*

7                                  Michelle Uzeta

8                                  Attorneys for Plaintiff

Complaint